# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:14-cv-00236-FDW-DCK

EARL WRIGHT,             )
                            )
        Plaintiff,         )
                            )
vs.                        )
                            )         ORDER
JUDGE DAVID S. CAYER, *et. al.,*  )
                            )
        Defendants.     )
                            )

THIS MATTER is before the Court upon a complaint filed *pro se* by Plaintiff seeking combined damages in excess of $1 billion from two federal judges, a North Carolina superior court judge, and the state of North Carolina.[1] While Plaintiff's Complaint is difficult to decipher, it appears to assert a § 1983 claim against the aforementioned Defendants for allegedly failing to honor a portion of Plaintiff's 2005 bankruptcy decree. However, for the reasons explained below, the Court DISMISSES Plaintiff's Complaint *sua sponte* against all named Defendants.

Although Plaintiff has paid the full filing fee, non-prisoner, *pro se* claims are still "subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that . . . a case is not frivolous." Mills v. Greenville Cnty., 586 F. Supp. 2d 480, 487 (D.S.C. 2008). This authority to dismiss a case *sua sponte* is "an inherent power governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626,

---

[1] This is one of at least five lawsuits Plaintiff has filed in the last several years. *See* Wright v. Wells Fargo Bank, 3:07-cv-00286; Wright v. Bank of America, 3:14-cv-00094; Wright v. Perry, 3:14-cv-00231; Wright v. Womble Carlyle Sandridge & Rice, LLP, 3:14-cv-00240.  In the future, Plaintiff should be aware that this court has the power to issue economic sanctions and impose a system of prefiling review in order to ensure that the "already burdened judicial system" is not "compromised" by a deluge of frivolous lawsuits. Bradford v. McClellan, 1997 WL 882907 at *5 (W.D.N.C. April 9, 2014).

630-31 (1962); see also Lombard Securities Inc. v. Thomas F. White & Co., 903 F. Supp. 895 (D. Md. 1995). Even when "a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim." Jensen v. Conrad, 570 F. Supp. 91, 99-100 (D.S.C. 1983) (quoting 5 C. Wright and A. Miller, Federal Practice and Procedure § 1357 (1973)), aff'd, 747 F.2d 185 (4th Cir. 1984).

The Supreme Court has ruled that a complaint fails to state a claim when it merely asserts an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8 (emphasis added). But "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal quotations omitted). In such circumstances, dismissal under Rule 12(b)(6) is warranted.

Even after granting Plaintiff's Complaint the "special judicial solicitude" due to *pro se* complaints, it is clear that it does not "squarely present" any legitimate factual or legal question nor does it demonstrate that Plaintiff is entitled to relief. Weller v. Dep't of Soc. Servs. Balt., 901 F.2d 387, 391 (4th Cir. 1990). Plaintiff's legal assertions are convoluted at best, and "[i]t is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations in [the] complaint." Grier v. United States, No. 94-2319, 1995 WL 361271, at *1 (4th Cir. June 16, 1995). The Court, therefore, dismisses this case under Rule 12(b)(6).

Furthermore, even if Plaintiff had squarely presented a cause of action, all of the named Defendants enjoy either absolute or sovereign immunity. The Fourth Circuit has held that "individuals acting in a judicial capacity have absolute immunity from liability in a § 1983 action." Bruce v. Riddle, 631 F.2d 272, 277 (4th Cir. 1980). The claims against the three Defendant judges must therefore be dismissed. Additionally, for over a century, the Supreme Court has interpreted the Eleventh Amendment to bar citizens from suing their own state in federal court without the state's permission. Hans v. Louisiana, 134 U.S. 1 (1890); see also Sossamon v. Texas, 131 S.Ct. 1651 (2011); Stewart v. North Carolina, 393 F.3d 484 (4th Cir. 2005). Thus, the claim against the state of North Carolina must likewise be dismissed.

IT IS THEREFORE ORDERED that this case is hereby DISMISSED WITHOUT PREJUDICE.

Signed: May 15, 2014

Frank D. Whitney
Chief United States District Judge

3